HAWKINS, Plaintiff in error, v. STATE, Defendant in error.

*February 4—March 1, 1966.*

For the plaintiff in error there was a brief by *Murphy, Stolper & Desmond,* and oral argument by *Howard Goldberg,* all of Madison.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

CURRIE, C. J.    The sole issue on this appeal is whether defendant was placed in double jeopardy in violation of sec. 8, art. I, Wisconsin constitution,[1] when he pleaded guilty a second time to the three Dane county charges.

Defendant contends that jeopardy attached when he initially pleaded guilty to the three Dane county counts, and this plea was accepted by the court. This is a correct interpretation of the law. The general rule, adhered to by this court, is that jeopardy attaches the moment a plea of guilty is accepted by the court.[2] Defendant, however, further maintains he was again placed in jeopardy when in the second proceeding he was required to plead again to the three Dane county offenses, at that time included in the 17 total counts of the amended information.

The state contends that by his conduct defendant has waived any right to now raise the issue of double jeop-

---

[1] Sec. 8, art. I, Wisconsin constitution, provides in part, ". . . no person for the same offense shall be put twice in jeopardy of punishment. . . ."

[2] *Belter v. State* (1922), 178 Wis. 57, 62, 189 N. W. 270; *Markiewicz v. Black* (1958), 138 Colo. 128, 330 Pac. (2d) 539, 75 A. L. R. (2d) 678; *United States v. Dickerson* (D. C., D. C. 1958), 168 Fed. Supp. 899, 902; *People v. Sturdy* (1965), 235 Cal. App. (2d) 306, 45 Cal. Rptr. 203; Anno. Plea of Guilty as basis of claim of double jeopardy in attempted subsequent prosecution for same offense, 75 A. L. R. (2d) 683, 685; 22 C. J. S., Criminal Law, p. 654, sec. 248.

ardy. We agree. The general rule relating to the question of waiver of protection against double jeopardy is stated in Anno. 75 A. L. R. (2d) 683:

"It seems clear that the constitutional protection against double jeopardy may be waived by the accused by his own voluntary act, and this principle has been successfully invoked in various instances involving double jeopardy based on an earlier plea of guilty." [3]

This court recently held in *State v. Schmear* [4] that the defendant had waived his right to claim double jeopardy where he was tried twice and in both trials the jury had returned a verdict of guilty. The waiver consisted of the fact that he had secured a new trial as a result of moving for a mistrial after a verdict had been rendered against him in the first trial.

Here defendant requested consolidation of the charges from the other four counties after he had pleaded guilty to the original information charging offenses occurring in Dane county. As a result of this request the district attorney of Dane county was required by sub. (b) of sec. 956.01 (13), Stats., to file a new information including counts for all offenses charged against defendant in the five counties. Defendant with assistance of counsel then pleaded guilty to all 17 counts of the new information.

We construe defendant's conduct, in instigating the consolidation which required the filing of a new information that would include the Dane county offenses and then pleading guilty to the new information, as consent by him to the substitution of the new information for the original one. This consent constituted an effectual waiver of any right to claim double jeopardy grounded upon the plea of guilty to the original information.

---

[3] *Supra,* footnote 2, at page 700. See also 21 Am. Jur. (2d), Criminal Law, p. 253, sec. 209.

[4] (1965), 28 Wis. (2d) 126, 135 N. W. (2d) 842.

Defendant contends that *State v. Parish* [5] and *Belter v. State* [6] require a determination that no waiver occurred in the instant situation.

In *Parish* defendants pleaded not guilty in the circuit court for Crawford county to a charge of robbery. Thereafter the place of trial was changed to Vernon county but, in transmitting the record to Vernon county, the clerk neglected to include the part which covered the arraignment and pleas of not guilty. The trial in Vernon county resulted in a verdict of guilty. Defendants then moved that the judgment be arrested because of an alleged defect in the information and because the record failed to disclose any pleas. The court found the information sufficient but arrested judgment for want of arraignment and pleas, and remanded the defendants to the custody of the sheriff of Crawford county to answer a new information for the same offense. A new information identical with the first was then filed by the district attorney in the circuit court for Crawford county. Defendants then interposed pleas of *autrefois convict* [7] setting forth the aforestated facts. The court held the pleas insufficient, and the defendants were tried on the second information and convicted. The supreme court held that defendants had been twice placed in jeopardy and ordered their discharge. In rejecting the state's contention that defendants' motion to arrest judgment constituted a waiver, this court stated:

"We think the motion is not a waiver of the right to plead the former jeopardy. The order arresting judgment does not set aside the verdict. That remains a part of the record, and we see no good reason why the defendants may not be heard to allege at all times that

[5] (1877), 43 Wis. 395.

[6] *Supra*, footnote 2.

[7] See Bouvier's Law Dictionary (Rawle's 3d ed.), p. 297. This plea is grounded on the principle that no man's life or liberty shall be twice put in jeopardy.

such record shows they were in jeopardy of punishment for the offense charged in the information. . . . So when the verdict is set aside on motion of the accused, and he afterwards alleges that the trial and verdict put him in jeopardy of punishment, it may well be replied that the portions of the record by which alone the jeopardy can be proved, have been set aside and vacated at his request, and that he has thereby deprived himself of the means of proving his allegation of jeopardy. But here no such reply can be made, for, as already observed, the record of the trial and verdict remains intact." [8]

We deem that the instant case is clearly to be distinguished from *Parish* because in the latter case defendants raised the issue of double jeopardy before pleading to the second information and apprised the circuit court of the existence of the former plea. Here the new information was required by defendant's request for consolidation and defendant pleaded to it without objection.

The double jeopardy this court found in *Belter* resulted from an act of the trial judge done upon his own motion without request by the defendant. Defendant was charged by the complaint for illegal possession of green muskrat and mink skins. Upon arraignment in the lower branch of the municipal court of Langlade county he pleaded guilty to the complaint and was remanded to jail to await sentence. The following day he was brought into court before the same judge who then entered an order which certified the record to the upper branch of the same court and directed that defendant be arraigned on the same day in the upper branch. The same trial judge then convened a session of the upper branch in which defendant was arraigned and pleaded guilty to an information charging the same offense and was sentenced to eighteen months in state prison as a result of taking into consideration a former conviction of forgery. The

---

[8] *State v. Parish, supra,* footnote 5, at page 401.

only act of defendant Belter which could be interpreted by him as a waiver was the entering of the plea of guilty when arraigned the second day in the upper branch of the municipal court. This court held that this act on his part was insufficient to constitute a waiver of double jeopardy. The distinction between *Belter* and the instant case is that in the former defendant did nothing to cause the second arraignment while in the instant case defendant's own action necessitated the filing of the second information and resulting arraignment.

*By the Court.*—Judgment affirmed.