STATE, Respondent, v. WALDMAN, Appellant.

*No. State 92. Submitted under sec. (Rule) 251.54*
*January 5, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 691.)

For the appellant the cause was submitted on the brief of *Charles P. Dykman* of Madison.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Richard J. Boyd,* assistant attorney general.

HALLOWS, C. J.   On this appeal, Waldman claims he was put in double jeopardy by being charged with the same crime twice at the same time. He bases his argument on the fact that on March 29, 1971, a criminal complaint was issued against him for entering a locked vehicle (sec. 943.11, Stats.).[1]   He was arraigned the same day and pleaded not guilty and the case was assigned to another branch of the county court for trial. On April 12th, when the case came up, the district attorney advised the court he intended to dismiss the

---

[1] "943.11 **Entry into locked vehicle.** Whoever intentionally enters the locked and enclosed portion or compartment of the vehicle of another without consent and with intent to steal therefrom may be fined not more than $1,000 or imprisoned not more than one year in county jail or both."

complaint and to issue another complaint with a repeater allegation added. The case was then continued and on April 19, 1971, the district attorney issued the second complaint, which is the subject of this action. On the same day, Waldman was arraigned on the second complaint and pleaded not guilty. The case was assigned to another branch of the court for trial. Thus at that time there were two complaints pending against Waldman for the same offense to which he had pleaded not guilty.

On June 25, 1971, Waldman moved the county court to withdraw his not guilty plea to the first complaint and pleaded guilty. The district attorney then moved to dismiss the first complaint. The motion to dismiss was granted by the court, which thereupon refused to accept Waldman's plea of guilty to the first complaint and refused to examine Waldman on the voluntariness of his guilty plea. On July 15, 1971, Waldman changed his not guilty plea to the second complaint to a plea of no contest, upon which the court found him guilty and sentenced him.

This case raises the question of when double jeopardy attaches. In *State v. Schmear* (1965), 28 Wis. 2d 126, 135 N. W. 2d 842, this court examined the various theories of double jeopardy and adopted the "continuous proceeding" theory for cases where a conviction is reversed and a new trial had. While in *Hawkins v. State* (1966), 30 Wis. 2d 264, 140 N. W. 2d 226, the court referred to *Schmear* as being based on waiver because the new trial was a result of the defendant's action, that was only one of the theories discussed in *Schmear*. In *Salters v. State* (1971), 52 Wis. 2d 708, 191 N. W. 2d 19, this court reaffirmed the "continuous proceeding" doctrine of *Schmear*. The holding of these cases, however, are not controlling because this case is not a "continuous proceeding" case or a new trial on the same charge after conviction.

In *Hawkins* this court said jeopardy attached when the plea of guilty was *accepted* by the court. *Salters* relied on *Hawkins* for the proposition that jeopardy attached when the plea of guilty was *entered.* We see no conflict between these two statements because we take the view a plea of guilty is not entered until it is accepted by the court.

Waldman argues that when he changed his not guilty plea to a plea of guilty on the first complaint, the court had a duty to enter it and to proceed under sec. 971.08 (1), Stats. 1969, to make such inquiry as would satisfy the court that the plea should or should not be accepted before entertaining the motion of the district attorney to dismiss the charge. This is a kind of a "Robert's Rules of Order" argument. When presented with a guilty plea, a court may consider all matters which are relevant to its acceptance or its rejection and is not confined to the issue of whether the plea is knowingly made. A motion to dismiss and its reasons were within the scope of the court's inquiry. The provisions of sec. 971.08 do not require a court to accept a plea of guilty but merely prescribe the procedure to be followed by the court in exercising its legal discretion on whether to accept the plea.

Little can be said for the procedure used by the district attorney. The defendant might have raised the double-jeopardy argument instead of pleading to the second charge on April 19th and thus he would have avoided any possible question of waiver; instead, Waldman attempted to change his plea of not guilty and to create a situation of double jeopardy for himself so he could escape the additional charge of being a repeater. The court was not in error in granting the motion to dismiss and in refusing to accept Waldman's plea. A court has inherent power to refuse to accept a plea of guilty. *State v. LaPean* (1945), 247 Wis. 302, 19 N. W. 2d 289. We hold jeopardy never attached to the first

complaint; that proceeding stood at the not-guilty-plea stage until it was dismissed. A plea of not guilty does not trigger double jeopardy. *See* 22 C. J. S., *Criminal Law,* p. 655, sec. 248.

Because of this view, we do not reach the issue of whether Waldman waived his right to claim double jeopardy by entering a plea of no contest to the second complaint. This court recognized in *Schmear* that a double jeopardy defense could be waived by a valid plea of guilty. *See Nelson v. State* (1972), 53 Wis. 2d 769, 193 N. W. 2d 704. However, we do not rest this decision on that basis.

*By the Court.*—Order affirmed.