STATE of Wisconsin, Plaintiff-Respondent-Cross Petitioner,

v.

Stanley E. MARTIN, Jr., Defendant-Appellant. [Case No. 89–1459–CR.]

STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Jose L. ROBLES, Defendant-Appellant. [Case No. 89–1769–CR.]

Supreme Court

*Nos. 89–1459–CR, 89–1769–CR. Argued February 27, 1991.—Decided June 24, 1991.*

(Also reported in 470 N.W.2d 900.)

For the plaintiff-respondent-petitioner and cross-petitioner the cause was argued by *James M. Freimuth,*

assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendants-appellants there was a consolidated brief by *Marla J. Stephens,* assistant state public defender and *Mark Lukoff,* first assistant state public defender and oral argument by *Marla J. Stephens.*

HEFFERNAN, CHIEF JUSTICE. These cases, on review of separate decisions of the court of appeals, have been consolidated and raise the single issue whether a criminal charging document can be amended to assert a repeater allegation under sec. 973.12(1), Stats., after a defendant has pleaded not guilty to the underlying charges at arraignment.[1] In each case the court of appeals held that the repeater amendment could not be made after the entry of a not guilty plea.[2] We agree that the repeater amendments were untimely and affirm both decisions.

The material facts and procedural history of each case are undisputed. On April 14, 1987, Stanley E. Martin was charged by criminal complaint with second

---

[1]Section 973.12(1), Stats., provides in relevant part:

**973.12 Sentence of a repeater. (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater.

[2]*State v. Martin,* 156 Wis. 2d 399, 406–07, 456 N.W.2d 892 (Ct. App. 1990); *State v. Robles,* 157 Wis. 2d 55, 63–64, 458 N.W.2d 818 (Ct. App. 1990).

degree sexual assault. The complaint did not contain any allegation of habitual offender, "repeater," status pursuant to sec. 939.62, Stats. At Martin's initial appearance on April 24, 1987, the assistant district attorney did inform the court, however, of Martin's two prior felony convictions, the sentences he received for those convictions, and that there was a hold on him for a parole violation.

Following a preliminary hearing, the state filed an information on May 6, 1987, charging Martin with second degree sexual assault. The information did not contain any repeater allegations. On that same day, Martin was arraigned and pleaded not guilty to the felony charge set forth in the information.

Thereafter the state filed a motion to amend the information in order to allege Martin's repeater status. On July 10, 1987, the court granted the state's motion over the defendant's objection. The court ruled that, pursuant to sec. 971.29, Stats., an information could be amended to include a repeater allegation after arraignment where there is no prejudice to the defendant.[3]

---

[3]Section 971.29, Stats., which generally regulates amendments to criminal charging documents, provides:

**971.29 Amending the charge. (1)** A complaint or information may be amended at any time prior to arraignment without leave of the court.

**(2)** At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant. After verdict the pleading shall be deemed amended to conform to the proof if no objection to the relevance of the evidence was timely raised upon the trial.

**(3)** Upon allowing an amendment to the complaint or indictment or information, the court may direct other amendments thereby rendered necessary and may proceed with or postpone the trial.

On November 17, 1988, following a four-day trial, a jury found Martin guilty of one count of second degree sexual assault. Judgment of conviction was entered on November 21, 1988, at which time Milwaukee County Circuit Court Judge John F. Foley sentenced defendant as a repeat offender under sec. 939.62 to a prison term of sixteen years.

Martin appealed the judgment of conviction, alleging various trial court errors. The court of appeals affirmed the conviction but ordered vacation of the repeater amendment and that part of defendant's sentence affected by repeater enhancement, *i.e.,* six of the sixteen year prison term. In a published opinion, the court of appeals held that sec. 973.12(1), Stats., controlled the more general sec. 971.29 and only permitted the state to amend a charging document in order to add a repeater allegation prior to arraignment and acceptance of a defendant's plea. 156 Wis. 2d at 406–07. Because the repeater amendment was untimely, the court of appeals vacated the repeater enhancement portion of Martin's sentence. *Id.* at 408.

The relevant facts and posture of the other consolidated case are similar. On January 17, 1989, the state filed a complaint charging Jose L. Robles with aggravated battery and obstructing an officer. The complaint did not contain any repeater allegation. The state knew of Robles' true identity prior to the issuance of the complaint as he was identified on the basis of fingerprints on file with the Racine Police Department.

Thereafter the state filed an information containing the aggravated battery and obstructing charges. The information also failed to allege any repeater status. Robles was arraigned on February 10, 1989, and pleaded not guilty to the charges set forth in the information.

On the first day of trial, April 18, 1989, the state filed a motion to amend the information alleging habitual criminality history. The state claimed it had problems locating "all three of the misdemeanor prior cards" pertaining to Robles. Over the defendant's objection, Racine County Circuit Court Judge Jon B. Skow reluctantly permitted the amendment. The court reasoned that a denial of the motion would "inappropriately punish the State for perhaps inattention in case preparation" and that Robles' ability to defend would not be affected because he obviously was aware of his own criminal record.

At the completion of the trial on April 20, 1989, the jury found Robles guilty of the charges. Judgment of conviction was entered on May 24, 1989, at which time Judge Skow sentenced Robles as a repeater to a combined total of six years for the two crimes.

Robles appealed the judgment of conviction on several grounds. In a published opinion, the court of appeals affirmed the conviction but, based on the *Martin* decision, vacated the repeater enhancement portion of Robles' sentence because the information was not amended in a timely fashion. 157 Wis. 2d at 63–4.

The state petitioned for review of both the *Martin* and *Robles* decisions, and we granted the petitions and ordered the two cases consolidated.

█

The single issue raised on appeal in both cases is whether an information can be amended under sec. 973.12(1), Stats., to assert a repeater allegation after a defendant has pleaded not guilty to the underlying charges at arraignment.[4] The resolution of this issue

---

[4]It would appear that the state implicitly agrees with the court of appeals' decision in *Martin* that sec. 971.29, Stats., the statute generally governing amendments to criminal charging

depends on the interpretation of a statute, a question of law to be decided by this court without deference to the lower courts. *State v. Eichman,* 155 Wis. 2d 552, 560, 455 N.W.2d 143 (1990).

The state argues that sec. 973.12(1), Stats., is ambiguous and should be construed to allow trial courts to exercise discretion on whether to permit repeater amendments after a defendant is arraigned. The state asserts that such a result should be reached by construing the statute in either of two ways.

First, the state contends that sec. 973.12(1), Stats., only establishes the time frame when a *prosecutor* can in its unilateral discretion and without leave of court add a repeater allegation to a charging document, *i.e.,* "any time before or at arraignment, and before acceptance of any plea." The state asserts that sec. 973.12(1) does not expressly preclude a trial court from allowing a repeater amendment after arraignment and plea-acceptance and that the statute could reasonably be interpreted to permit such an amendment with leave of court where the defendant cannot show that he or she is thereby prejudiced.

The state urges us to harmonize sec. 973.12(1) with sec. 971.29, Stats., which we construed in *Whitaker v. State,* 83 Wis. 2d 368, 265 N.W.2d 575 (1978), to generally allow post-arraignment amendments where there is no prejudice to a defendant. It is argued that there might be various situations where the state would not timely allege prior convictions and where such trial court discretion would be necessary or beneficial, *e.g.,* where the defendant has used an alias or the prosecutor has simply been inattentive.

documents, does not directly control the timing of repeater amendments.

Second, the state contends, although admittedly as somewhat of a fallback position, that the phrases, "acceptance of any plea" and "accepting a plea," in sec. 973.12(1), Stats., are ambiguous and should be given their technical or peculiar legal meaning and not refer to the one plea which is not "accepted" but only "entered"—a not guilty plea. The state points to legislative history and refers to our decision in *Block v. State,* 41 Wis. 2d 205, 211, 163 N.W.2d 196 (1968), where we noted that the pertinent statutory amendment to sec. 973.12(1) "eliminated the possibility of a plea of guilty and a subsequent charge of being a repeater." Because the second sentence of sec. 973.12(1) expressly allows a court to grant a district attorney "a reasonable time to investigate possible prior convictions before accepting a plea," the state asserts that the statute directly authorizes a repeater amendment after the entry of a not guilty plea as long as it is added prior to an acceptance of a guilty or no contest plea.

While the state has set forth some rather ingenious arguments, we are not persuaded that sec. 973.12(1), Stats., can be interpreted to permit repeater amendments where defendants already have been arraigned and have pleaded not guilty to informations not alleging any repeater status.

Before addressing the state's first proffered interpretation of sec. 973.12(1), Stats., we note that the purpose of statutory construction is to ascertain and give effect to the intent of the legislature. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 164, 288 N.W.2d 129 (1980). In determining legislative intent, however, first resort must be to the language of the statute itself. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981). "If the meaning of the statute is clear and unambiguous on

its face, resort to extrinsic aids for the purpose of statutory construction is improper. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555 (1984). "A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect." *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980).

Our initial task, therefore, is to determine whether the plain language of sec. 973.12(1), Stats., is ambiguous and could reasonably admit to the state's first proffered construction. In relevant part, sec. 973.12(1) provides:

> **973.12 Sentence of a repeater. (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 . . ..

While the first sentence clearly establishes a time frame when a prosecutor "may" in his or her discretion put a repeater allegation in a charging document, we would agree with the state that this sentence standing alone does not expressly address or prohibit repeater amendments after arraignment and plea-acceptance. That the second sentence grants a court discretion to delay plea-acceptance until a prosecutor has investigated a defendant's criminal history, however, certainly suggests that the arraignment and plea-acceptance time

894

period set forth in the first sentence is a true deadline. The investigatory time period prior to plea acceptance permitted in the second sentence would appear to be the remedy the state seeks in circumstances where the defendant has used an alias or the prosecutor, by the press of work, is unable to make a timely investigation.

While not addressed by the parties, it should also be noted that the third sentence only provides for the triggering of repeater enhancement when "such prior convictions" are admitted by the defendant or proven by the state. "Such prior convictions" would most reasonably refer to those convictions discussed in the first sentence which are alleged in a charging document prior to the arraignment and plea-acceptance deadline.

In *Whitaker,* 83 Wis. 2d 368, *supra,* however, we did construe sec. 971.29, Stats., to permit the amendment of an information after arraignment and before trial, provided the defendant's rights were not prejudiced, although the statute did not directly address this time frame. *Id.* at 371–74. We rejected the application of the rule of *expressio unius est exclusio alterius* because such a maxim of statutory construction "must rest on the premise that the legislature considered all the alternative times an amendment of the information might be made and that all alternatives were rejected by the legislature except the ones set forth." *Id.* at 374.

As Martin and Robles point out, sec. 971.29, Stats., which generally governs the amendment of criminal charging documents, was ambiguous in that the statute expressly permitted amendments "prior to arraignment," "[a]t the trial," and "[a]fter verdict" but failed to address the time period between arraignment and trial. The statute clearly left a "gap," therefore, and our conclusion in *Whitaker* that the legislature intended to permit amendments with leave of court during this time

period was further supported by the fact that the statute expressly allowed amendments prior to arraignment "without leave of the court." *See* sec. 971.29(1).

Section 973.12(1), Stats., on the other hand, which specifically governs repeater amendments, neither contains any "gaps" nor expressly sets forth that a prosecutor may amend a criminal charging document prior to arraignment and plea-acceptance "without leave of the court" so as to suggest that an amendment could be made at a later time "with leave of the court." In fact, the ability of a prosecutor to seek an investigatory time extension under the second sentence of sec. 973.12(1) reasonably suggests that the court's ability to exercise discretion has been limited to only that time period prior to plea acceptance.

It would strongly appear, therefore, that the plain language of sec. 973.12(1), Stats., establishes a statutory rule: A prosecutor needs to allege a defendant's repeater status in the appropriate charging document prior to arraignment and plea. But because the statute does not directly address the post-arraignment and plea-acceptance time period, such a conclusion would essentially require the application of the rule of *expressio unius est exclusio alterius,* which in turn calls for a more thorough examination of legislative intent by looking outside the four corners of the statute. Although we conclude that sec. 973.12(1) is unambiguous as to whether a repeater amendment can be made after arraignment and plea acceptance, we examine the statutory language "in relation to its context, subject matter, scope, history, and object intended to be accomplished." *Terry v. Mongin Ins. Agency,* 105 Wis. 2d 575, 584, 314 N.W.2d 349

(1982).[5]

The evolution of Wisconsin's criminal repeater statute has been marked by some rather significant changes which shed light on the issue at hand. It is clear that for the greater part of the last 113 years, a defendant's criminal sentence was subject to repeater enhancement although a repeater allegation was not set forth in the charging document prior to conviction.

The general repeater statute was originally enacted in 1878 and permitted sentencing enhancement only where the defendant's prior convictions were "alleged in the indictment, information or complaint, and proved or admitted on the trial.[6] While the repeater allegation was not considered an essential element of the substantive offense charged under that statute, it was considered "an essential element of the charge in the information in order to secure the punishment provided for in case of a second offense and [had to] be alleged in the information." *Dahlgren v. State,* 163 Wis. 141, 144, 157 N.W. 531 (1916). *See also Paetz v. State,* 129 Wis. 174, 177, 107 N.W. 1090 (1906); *Ingalls v. State,* 48 Wis. 647, 655, 4 N.W. 785 (1880).

---

[5]Section 973.12(1) is not ambiguous. We undertake an historical analysis only for the purpose of demonstrating that the legislative history makes clear that no repeater charge can be added after any plea. While legislative history cannot be used to demonstrate that a statute unambiguous on its face is ambiguous, there is no converse rule that statutory history cannot be used to reinforce and demonstrate that a statute plain on its face, when viewed historically, is indeed unambiguous.

[6]Section 4738, Stats. 1878. Three separate statutory sections actually governed repeater allegations and differentiated between the type of prior offense committed. *See* R.S. 1878, secs. 4736–738.

The repeater provisions were notably altered in 1919, and the revised statutes permitted a court to investigate a defendant's criminal history after conviction even when the charging document did not set forth any repeater allegations.[7] The statute clearly did not require a defendant to be made specifically aware of any potential sentencing enhancement due to prior convictions at the time of his or her entry of a guilty, no contest, or not guilty plea.[8]

The legislature changed the repeater provisions again in 1949 and set forth that a defendant's repeater status "may be alleged in the complaint, indictment or information *or otherwise brought to the attention of the court at any time before execution of sentence has commenced.*"[9] Again, the statute on its face permitted the

---

[7]*See* Secs. 1 and 2, ch. 35, Laws of 1919. *See also Spoo v. State,* 219 Wis. 285, 291-93, 262 N.W. 696 (1935).

[8]Section 4738a, Investigations after conviction; new issue as to former conviction, Stats. 1919, provided:

> **Investigations after conviction; new issue as to former conviction.** Section 4738*a.* If such former conviction shall not have been charged in the information, indictment or complaint, then, after a plea of guilty is entered, or a verdict of guilty returned by the jury, and before sentence is passed, the court may ascertain in every case whether the defendant has been previously convicted of any offense in any court. For that purpose the defendant may be photographed and measured and all data taken necessary to his identification by means of identification bureaus and other records of crime. It shall be the duty of the district attorney and sheriff of the county to aid in such investigation, and the court may order the necessary disbursements thereby incurred to be paid in the same manner as the fees of witnesses upon the trial. After such investigation the district attorney may in writing charge the defendant with such former conviction, and if the defendant denies such charge, the court shall proceed promptly to try the issue thereby formed, and, if demanded by the defendant, shall impanel a jury therefor. [*1919 c. 35 s. 2*]

[9]Section 359.12(2), established by Sec. 171, ch. 631, Laws of 1949.

imposition of a repeater sentence after a defendant pleaded to charges contained in the information without any express notice that repeater enhancement would be sought by the prosecutor.[10]

The last major amendment of the repeater statute which established the language under consideration in this case occurred in 1965. *See* Sec. 2, ch. 422, Laws of 1965. The legislature made two very important alterations.

First, there was a deletion of all references to a defendant's ability to demand a jury trial on the issue of whether the prior convictions existed. *See* sec. 959.12, Stats. 1965. Such a change was actually meant to assist the defendant in that it helped prevent a jury from hearing evidence on the collateral issue of sentence enhancement prior to the determination of guilt. *See State ex rel. LaFollette v. Raskin,* 34 Wis. 2d 607, 623-24, 150 N.W.2d 318 (1967); *see also Mulkovich v. State,* 73 Wis. 2d 464, 467-68, 243 N.W.2d 198 (1976).

Second, and more importantly, there was a deletion of those longstanding provisions which permitted a court to impose a repeater sentence where the prior convictions were first discovered or alleged "at any time before execution of sentence has commenced," "after conviction," or after a "sentence has already been passed but execution thereof has not been commenced." *See* sec. 959.12(1), Stats. 1963. In its place, the revised statute expressly allowed the prior convictions to be alleged in any "*amendments*" to the charging documents (*i.e.,* complaint, indictment, or information), so long as they

---

[10]Section 359.12(2), Stats. 1949, also provided that "[i]f sentence has already been passed but execution thereof has not commenced before the court is informed that the defendant is a repeater, the court may set aside such sentence and resentence the defendant under this section."

were now alleged "*at any time before or at arraignment, and before acceptance of any plea.*" Additionally, the legislature added a provision allowing courts upon motion of the district attorney to grant a reasonable time extension "*to investigate possible prior convictions before accepting a plea.*" *See* sec. 959.12(1), Stats. 1965.

We conclude that any argued, though nonexistent, ambiguity has been resolved by this examination of the statutory evolution of sec. 973.12, Stats.[11] The statutory changes make clear that the legislature has established the time of arraignment and of *any* plea acceptance as the cut-off point after which time a defendant can no longer face exposure to repeater enhancement for the crime set forth in the charging document and pleaded to by the defendant at arraignment.[12] As we noted in *Block v. State,* 41 Wis. 2d 205, 210, 163 N.W.2d 196 (1968), when analyzing the 1965 amendment to the repeater statute:

> Being a repeater is not a crime but may enhance the punishment of the crime for which the repeater is convicted. The allegation of recidivism is put in the information in order to meet the due-process require-

[11]Section 959.12 was renumbered to sec. 973.12 by ch. 255, Laws of 1969.

[12]We note that unindicted felony defendants, such as Martin and Robles, are arraigned and tried on the charges set forth in the information and not the complaint. *See State v. Woehrer,* 83 Wis. 2d 696, 700-01, 266 N.W.2d 366 (1978); B. Brown, *The Wisconsin District Attorney and the Criminal Case,* p. 97 (1971); secs. 967.05 and 971.05. Accordingly, repeater allegations normally need only be set forth in the complaint for misdemeanants but in the information for unindicted felony defendants. *See* R. Donohoo, 1 Wisconsin Criminal Practice Manual, pp. 22–23 (1979).

ments of a fair trial. When the defendant is *asked to plead,* he is entitled to know the extent of his punishment of the alleged crime, which he cannot know if he is not then informed that his prior convictions may be used to enhance the punishment. [Emphasis supplied.][13]

---

[13]Block was charged with a misdemeanor. Prior convictions were first presented during the course of a trial before the court. This court held this was error, because the question of recidivism was not to be tried with the question of guilt on the principal charge. This court held, however, that the error was harmless because there was no evidence that the submission of the recidivism information to the *court* in any way affected the finding of guilt on the principal charge. This court made it quite clear that the repeater allegation should have been injected into the proceeding by an appropriate statement in the information. The question posed in these cases, when a repeater charge must be alleged, was not at issue in *Block.* The instant cases are of first impression. *Block* is significant not for the reason asserted in the dissent but because it states that the defendant must be informed of the repeater charge *when he is asked* to plead. That question is asked by the court stating: "How do you plead? Guilty or not guilty." Thus, the court in *Block* makes clear that the amendment must be prior to the time of asking for the plea. In the context of the statute, whether the plea is guilty or not guilty is irrelevant. There can be no disagreement with the dissent's interpretation of *Block*—that the amendment provided by 1965 Wis. Laws 422 indeed "eliminated the possibility of a plea of guilty and a subsequent charge of being a repeater." Of course it did. But it is logically insupportable to conclude that because it did that, therefore it did nothing more. This is a case of the three blind men who felt only a part of the elephant and concluded not that it was an elephant but only reached a conclusion based on the separate portion of the elephant touched, *i.e.,* that it was a snake, a tree, or a wall. Truly, the dissent sees not the forest but only the trees—and only one tree at that. *Block* leads to an entirely different conclusion, that reached by this opinion.

It has long been recognized, furthermore, that a prosecutor does not act with unlimited discretion but rather is "answerable to specific directions of the legislature." *See State ex rel. Kurkierewicz v. Cannon,* 42 Wis. 2d 368, 380, 166 N.W.2d 255 (1969); *see also State v. Dums,* 149 Wis. 2d 314, 322, 440 N.W.2d 814 (Ct. App. 1989). While a district attorney generally exercises broad discretion in deciding which charges to bring against a defendant and whether or not to even seek a repeater sentence, the legislature has limited the time frame when such repeater sentencing can be triggered.

The state has asked us to construe sec. 973.12(1), Stats., so as to permit a repeater amendment after arraignment and plea acceptance where there is no prejudice to the defendant. It asserts that defendants such as Martin and Robles who have only pleaded not guilty to charges set out in the information are hardly prejudiced by a pretrial amendment alleging repeater status. Martin and Robles, in turn, contend that their ability to plea bargain or prepare for trial has been substantially affected by the untimely repeater allegation. Moreover, they assert that prejudice is oftentimes difficult to prove and that there is no indication that the legislature intended to allow repeater amendments upon an evidentiary showing of lack of prejudice.

We agree with Martin and Robles that proof of prejudice is an irrelevant consideration under sec. 973.12(1), Stats. The legislature has established a rule. Regardless of the kind of plea entered in response to the charges alleged at arraignment, the defendant's plea will be more meaningful if he or she is aware of the extent of potential punishment which ensues from a conviction of

the crime.[14]

In both cases before us, the defendants' repeater status clearly was not alleged until after arraignment and pleas of not guilty were entered by the defendants. Under *Block,* Martin and Robles each had a right to be apprised of possible repeater sentencing at the time they were asked to plead to the charges contained in the information. Because the state failed to allege any prior convictions by that time (and failed to request an investigatory time extension), sec. 973.12(1), Stats., prohibited any imposition of a repeater sentence for the crimes which Martin and Robles were eventually tried and convicted. We believe the legislature has given a prosecutor ample time and opportunity to investigate and allege a defendant's prior convictions.[15]

---

[14]Both parties have placed considerable emphasis on a statement made by a member of the Judicial Council at a meeting discussing the 1965 legislation. Appearing at the end of the minutes of the Judicial Council's meeting on March 12, 1965, the same day the first draft of the amendment was submitted, is the following observation made by Executive Secretary Henry A. Hillemann:

> Judge Steffes moved approval of s. 959.12(1), as amended, which eliminates the possibility of sandbagging a defendant by charging him as a repeater after conviction or plea in the immediate charge.

While we do not consider this a definitive statement of legislative intent, it certainly demonstrates an awareness of the problems existing under the old statute.

[15]We do not imply that a prosecutor is without other remedies when there are significant problems in investigating a defendant's prior convictions. It should be noted that in *State v. Waldman,* 57 Wis. 2d 234, 203 N.W.2d 691 (1973), we allowed a prosecutor to dismiss a complaint, with the consent of the judge exercising appropriate discretion, after the defendant's entry of a

As a fallback position, the state has proffered a second interpretation of sec. 973.12(1), Stats., which focuses on the use of the terms "acceptance of any plea" in the statute's first sentence and "accepting a plea" in the second sentence. As noted earlier, the state urges us to give those terms their peculiar legal meaning. Because not guilty pleas are not technically "accepted" by courts but only "entered," the state contends that a prosecutor is not foreclosed from alleging a defendant's repeater status until a guilty or no contest plea is accepted by the court.

■

In construing a statute, a court must give effect to the ordinary and accepted meaning of the language. *County of Walworth v. Spalding,* 111 Wis. 2d 19, 24, 329 N.W.2d 925 (1983). Absent statutory definition, words are to be construed according to their common meaning. *State v. Gilbert,* 115 Wis. 2d 371, 377–78, 340 N.W.2d 511 (1983). It has long been the rule, however, that "technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." *See* sec. 990.01(1), Stats.; *Sharpe v. Hasey,* 134 Wis. 618, 114 N.W. 1118 (1908).

The state argues that the legislature's use of the word, "accept," in sec. 973.12(1), Stats., is ambiguous. In the context of a defendant's plea to criminal charges, one normally associates the word, "accept," with guilty or no contest pleas, because a court has discretion whether or not to officially receive or accept these pleas based, among other things, on the voluntary nature of the plea and defendant's understanding of the charge. *See* sec. 971.08; Wis. J.I.—Criminal SM–32, 32A. A court is typically not thought of as having discretion to reject (as

not guilty plea and then reissue a complaint with a repeater allegation.

opposed to accept) a not guilty plea, on the other hand. If a defendant stands mute or refuses to plea, a court is required to "direct the entry of a plea of not guilty on his behalf." Section 971.06(2).

While standing alone the concept of "accepting a plea" may create superficial ambiguity, the relevance of such assertion of ambiguity dissipates quickly when the provisions of sec. 973.12(1), Stats., as a whole are examined. The first sentence of sec. 973.12(1) sets forth conjunctive requirements: A defendant's repeater status needs to be alleged in the charging documents "before or at arraignment, *and* before acceptance of any plea" (emphasis supplied). Accordingly, regardless of how we interpret the latter "plea acceptance" requirement, there can be no repeater enhancement unless the "arraignment" requirement is met. Clearly, an unindicted felony defendant is arraigned by the time a not guilty plea is entered on the charges set forth in the information. *See* sec. 971.05, Stats.; *Eskra v. State,* 29 Wis. 2d 212, 224–25, 138 N.W.2d 173 (1965). Thus, because the informations charging Martin and Robles did not contain repeater allegations at the time of the defendants' entry of not guilty pleas, the state was thereafter foreclosed from seeking a repeater sentence.

The state points out, however, that the second sentence of sec. 973.12(1), Stats., does not have a conjunctive "arraignment" requirement but allows for an investigatory time extension "before accepting a plea." This second sentence, the state contends, independently permits a prosecutor to add a repeater amendment after entry of a not guilty plea but prior to acceptance of a guilty or no contest plea.

■

We do not believe these provisions should be construed in such a way. The second sentence of the statute merely permits a time extension prior to plea acceptance which under the first sentence is one of the conjunctive deadlines by which time a repeater allegation must be made. The two sentences must be read together. More importantly, we conclude that the legislature did not intend to exclude not guilty pleas from the ambit of pleas which can be "accepted" under sec. 973.12(1), Stats. The legislature used the words, "any plea."

From a standpoint of facial statutory construction, we note that the legislature in various other statutes has expressly referred to the acceptance of guilty or no contest pleas when it intended to limit the statute's application to those types of pleas. *See* secs. 23.70(2), 66.119(3), 345.28(5), 345.38, and 971.08. Here, the legislature simply used the terms, "acceptance of any plea" and "accepting a plea." Conversely, it appears that the legislature has used the simple "plea acceptance" phrase in at least one other statute to refer to not guilty as well as guilty and no contest pleas. Sec. 970.03(3) (preliminary examination), for example, states that:

> A plea shall not be accepted in any case in which a preliminary examination is required until the defendant has been bound over following preliminary examination or waiver thereof.

■

As applied to unindicted felony defendants, sec. 970.03(3), Stats., recognizes the simple rule that there may not be any kind of a plea until an information is filed after a probable cause finding and bindover.

We also believe that the "plea acceptance" terms in sec. 973.12(1), Stats., should be construed to include not guilty pleas based on the legislative history of the statute which we examined earlier. The 1965 amendment clearly resulted in the deletion of those statutory provisions permitting repeater sentencing after conviction. The state's proffered construction of sec. 973.12(1) would permit repeater sentencing of defendants who had pleaded not guilty at any time prior to sentencing. The state is essentially asking that we add to sec. 973.12(1) everything which the legislature deleted in 1965. Our task is to construe the statute, not to rewrite it by judicial fiat. *See State v. Richards,* 123 Wis. 2d 1, 12, 365 N.W.2d 7 (1985).

Because there was no allegation of any repeater status in the information at the time the trial courts entered Martin and Robles' not guilty pleas, we conclude the trial courts erred in subsequently allowing repeater amendments, because, as we point out in footnote 13, these cases are of first impression. We apply the holding of this opinion based on the provisions of sec. 973.12(1), Stats., only to the two cases before us and to any other cases which are presently pending in which the defendants have made the same assertions as have the defendants Martin and Robles as to timeliness of amendment and, of course, to all cases that may arise hereafter. We affirm the decisions of the court of appeals.

*By the Court.*—Decisions affirmed.

CALLOW, WILLIAM G., J. (dissenting). The majority opinion correctly notes that sec. 973.12(1), Stats., does not expressly address or prohibit repeater amendments after arraignment . and plea-acceptance (majority op. at 896). Although the majority opinion

907

concludes that sec. 973.12(1) is unambiguous, it nonetheless examines the statutory language in order to demonstrate that the legislative history makes clear what this "unambiguous" statute purportedly conveys: that a repeater charge cannot be added after any plea (majority op. at 897).

I endorse the majority's decision to examine the legislative intent behind sec. 973.12(1), Stats., but for a different reason. I believe sec. 973.12(1) is ambiguous in that it neither allows nor prohibits the state from adding a repeater enhancement after arraignment and plea-acceptance. As such, it is capable of being understood by reasonably well-informed persons in two or more different senses. *State v. Denter,* 121 Wis. 2d 118, 123, 357 N.W.2d 555 (1984).[1] Additionally, I disagree with the majority's interpretation and application of this ambiguous statute.

The majority improperly concludes after examining the statutory evolution of sec. 973.12, Stats., that this statute should be interpreted to prohibit repeater enhancements after arraignment and plea acceptance (majority op. at 900). Applying the rules of statutory construction to this ambiguous statute compels the conclusion that the legislature did not intend to preclude the State from amending its complaint or information against the defendant to include a repeater enhancement after arraignment and plea-acceptance with approval of the court. Accordingly, I dissent.

First, the language of the statute itself indicates that the legislature intended that the court accept such an amendment before arraignment, at which time it accepts a plea of guilty or no contest, or the defendant enters a

---

[1] This principle is well demonstrated by the fact that the majority justices and the dissenting justices disagree on the interpretation of sec. 973.12(1), Stats.

plea of not guilty. *See State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12 (1981) (In construing a statute, the first recourse is to the language of the statute itself.). When the legislature amended sec. 959.12(1), Stats. (1965) (currently sec. 973.12(1), Stats. 1989–90), it removed language that allowed the State to bring prior convictions to the attention of the court at any time prior to sentencing. 1965 Wis. Laws 422 sec. 2. It also added the current second sentence,[2] giving the court discretion to grant the State reasonable time to investigate possible prior convictions before accepting a plea. The legislature did not state that the court lost its discretion to consider prior convictions after arraignment. This second sentence clearly limits the court's discretion in granting the district attorney additional reasonable time to investigate prior convictions *after* accepting a plea. Whether this sentence also limits the district attorney's ability to add a repeater enhancement to the complaint or information after plea-acceptance is a question not before this court because, under the facts of this case, the court had not "accepted a plea."

The court does not accept a plea of "not guilty." The criminal defendant may plead: (a) guilty, (b) not guilty, (c) no contest, or (d) not guilty by reason of mental disease or defect. Section 971.06, Stats. The court may accept or refuse to accept pleas of guilty or no contest. Section 971.08, Stats. Pleas of not guilty are not accepted, but rather are entered and the case is set for trial, and the court can take no further adjudicatory action against the defendant at this stage of the proceedings. *See generally* sec. 971.10, Stats. (discussing the defendant's right to a speedy trial). In other words, even

---

[2] "The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea."

if the court is precluded from considering prior convictions after accepting a guilty or no contest plea, it is not precluded in this case, because here the court has not yet "accepted" a plea.[3]

While the majority dismisses this interpretation as ingenious but unpersuasive (majority op. at 893), I find that it is consistent with the plain meaning of the statutory language, with the legislature's intent to avoid prejudicing the defendant, and with our prior case law. We stated, in *Block:* "This amendment [1965 Wis. Laws 422] eliminated the possibility of a plea of guilty and a subsequent charge of being a repeater. Due process required an accused to know the range of his punishment at the time of his plea of guilty." *Block v. State,* 41 Wis. 2d 205, 211, 163 N.W.2d 196 (1968). This language reflects my understanding of the legislature's concern in amending sec. 959.12(1), Stats. (1965): to prevent the State from unfairly and prejudicially tacking on a repeater enhancement *after* the defendant's plea of guilty or no contest has been accepted.[4] In advising the court that he or she will not contest the charge, the defendant affirms that he or she has considered the consequences of such a plea,

[3]Because there was no "plea-acceptance" in this case, as in any case where the defendants plead not guilty, the requirement to add a repeater enhancement before plea-acceptance is moot. Consequently, the issue in this case is whether the State can add a repeater enhancement with leave of the court, after arraignment, when a not guilty plea has been entered.

[4]I do not conclude, as the majority suggests (majority op. at 901 n.13) that this language in *Block* alone leads to the conclusion that the legislature intended only to eliminate the possibility of a plea of guilty and a subsequent repeater charge. Rather, this language reflects the legislature's intent to accomplish that goal. I find no such direct language to support the majority's conclusion that the legislature also intended that no such repeater enhancements be made after the defendant enters a plea of not guilty.

including the potential punishment. Section 971.08(1)(a), Stats. I agree that if the defendant has submitted himself or herself to the court for the imposition of a penalty, it would be grossly unfair to subject the defendant to a possible increased sentence as a repeater.

In this case, however, no such prejudice exists. If the defendant enters a plea of not guilty in light of the potential punishment for the crime originally charged, clearly he or she will not be encouraged to plead guilty when the potential sentence is heavier as a result of a repeater enhancement. The defendants argue that if the State is permitted to add a repeater enhancement after a not guilty plea is entered, other defendants could be coerced into pleading guilty initially by the threat that the district attorney may later add a repeater enhancement.

This argument is unpersuasive, as the purpose of plea negotiations generally is to persuade the defendant to forego his right to plead not guilty. *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) ("It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty."). The situation where the district attorney agrees to dismiss one of two charges in return for a plea of guilty on the other is indistinguishable from the situation that the defendants envision. In both situations, the defendants are fully aware of their options at the time they enter a plea, and they are not prejudiced.

Second, the majority's construction of sec. 973.12(1), Stats., pits its operation directly against that of sec. 971.29(1), Stats. Section 971.29(1) deals with the same subject (amendment of complaints and informa-

tions) as sec. 973.12(1), and should be interpreted **in pari materia** with sec. 973.12(1). *See State v. Amato,* 126 Wis. 2d 212, 216, 376 N.W.2d 75 (Ct. App. 1985). While these sections are not in the same chapter, when one statute deals with a subject in general terms, and another deals with the same subject in a more detailed way, the two should be harmonized if possible. *See* 2A Sands, *Sutherland Statutory Construction,* sec. 51.05 (4th ed. 1984 rev.). Additionally, in *In Interest of B.M.,* we quoted with approval: "Harmony and consistency are positive values in a legal system by reason of serving the interests of impartiality and minimizing arbitrariness. The practice of construing statutes by reference to other statutes is based upon the sound public policy of advancing those values. 2A Sands, *Sutherland on Statutes and Statutory Construction,* sec. 53.01 (4th ed. 1973)." *B.M.,* 101 Wis. 2d 12, 19, 303 N.W.2d 601 (1981). Sutherland also states: "In fact, courts have been said to be under a duty to construe statutes harmoniously where that can reasonably be done." 2A Sands, *supra,* sec. 53.01 (4th ed. 1984 rev.). These sections can reasonably be harmonized in accordance with legislative intent by applying a similar analysis to sec. 973.12(1), Stats., as we applied to sec. 971.29(1), Stats.

In *Whitaker,* we interpreted sec. 971.29(1), Stats., to allow the amendment of an information after arraignment: (1) with leave of the court, and (2) so long as there was no prejudice to the defendant. *Whitaker v. State,* 83 Wis. 2d 368, 373, 265 N.W.2d 575 (1978). In *Whitaker,* we did not prohibit the State from amending the charging document to include a greater offense (which would entail a greater penalty), as long as the rights of the defendant were not prejudiced. *Id.* Section 973.12(1), Stats., is harmonious with *Whitaker's* interpretation of sec. 971.29(1) if it prohibits a *unilateral* amendment by

912

the district attorney after arraignment and after plea-acceptance. This section does not preclude such an amendment after arraignment, with the leave of the court. To conclude otherwise, as the majority does, puts sec. 973.12(1) in direct conflict with our interpretation of sec. 971.29(1).

The majority concludes that the additional language "without leave of the court" in sec. 971.29(1), Stats., suggests that under sec. 971.29(1) an amendment could later be made "*with* leave of the court." (Majority op. at 896.) The absence of such language in sec. 973.12(1), Stats., therefore, supports a different conclusion, according to the majority, that a repeater enhancement cannot be added after arraignment and plea-acceptance, even with the leave of the court. This conclusion is not entirely lacking in merit, particularly in light of the fact that the legislature could have amended sec. 973.12(1) to include the language "without leave of the court" as in sec. 971.29(1). However, I do not find the absence of this language in sec. 973.12(1) to be determinative of its interpretation in light of the preceding discussion. Additionally, just as the legislature could have added this language to sec. 973.12(1), it could also have amended sec. 973.12(1), in light of *Whitaker,* to prohibit repeater enhancements after arraignment and plea-acceptance under any circumstances, and remove all ambiguity in this section.

The majority also concludes that the issue of prejudice to the defendant is irrelevant (majority op. at 902). On the contrary, just as this court found the question of prejudice to be relevant to a logical interpretation of sec. 971.29(1), Stats., in *Whitaker,* 83 Wis. 2d at 373, it is also relevant here. If the district attorney amends the complaint or information prior to arraignment and plea-acceptance, there is no possible prejudice to the

defendant, and hence no need to obtain leave of the court.

Third, further support for this interpretation is found in the legislative history behind 1965 Wis. Laws 422. Executive Secretary Hillemann observed before the judicial council prior to the amendment of sec. 959.12(1) in 1965: "Judge Steffes moved approval of s. 959.12(1), as amended, which eliminates the possibility of sandbagging a defendant by charging him as a repeater after conviction or plea in the immediate charge." The danger that Executive Secretary Hillemann foresaw and the legislature addressed was the almost certain prejudice that would arise if the district attorney sandbagged the defendant by holding back on a repeater enhancement until after the defendant was convicted or pled guilty or no contest.

Fourth, this interpretation preserves the discretion of the circuit court to consider prior convictions in sentencing.[5] The circuit court is not obligated to increase sentencing based upon prior convictions. Rather, "[s]entencing by using the process of the repeater statute is completely discretionary on the part of the trial court after the defendant is convicted of an offense and found to be a repeater." *State v. Harris,* 119 Wis. 2d 612, 617–18, 350 N.W.2d 633 (1984). The majority's conclusion ties the hands of the circuit courts with respect to prior convictions if a repeater enhancement is not

---

[5]Felony sentencing is a function of the court, not the jury. Section 973.011, Stats. The jury is not entitled to knowledge of prior convictions for sentencing purposes, because prior convictions are generally not relevant to the issue of guilt. *See Block,* 41 Wis. 2d at 212; sec. 904.04(2), Stats. The defendant, therefore, cannot be prejudiced by the effect that a repeater enhancement may have on a jury's determination of his or her guilt, because the jury is not made aware of such an amendment.

included in the complaint or information prior to arraignment and plea-acceptance. I believe that the circuit court should have the option of considering repeater enhancements in light of the strong public interest in preventing criminal activities.

Fifth, this interpretation is consistent with the legislature's intent to provide defendants with an expeditious trial. The legislature has expressly mandated that criminal proceedings both before and during trial be handled promptly. For example, preliminary hearings must be commenced within twenty days (ten days if the defendant is in custody and the bail is fixed in excess of $500). Section 970.03(2), Stats. The district attorney must file an information in a felony case within thirty days after the preliminary examination or waiver thereof. Section 971.01(2), Stats. A misdemeanor trial must be commenced within sixty days from the defendant's initial appearance, and felony trials must begin within ninety days from the date trial is demanded in writing or on the record. Section 971.10(1), Stats. Motions before trial must be served and filed within ten days after arraignment in a felony action unless the court otherwise permits. Section 971.31(5)(a), Stats.

It is clear that the legislature intended that criminal cases be processed expeditiously. The majority's conclusion today is unworkable because it frustrates this intent. It encourages the State to routinely request additional time before arraignment to investigate possible prior convictions. Many cases will be delayed needlessly; cases in which the likelihood of a repeater enhancement may be slim. My conclusion, in contrast, avoids such a delay, and does not adversely affect the defendant, because if prejudice to the defendant is shown, the charging document may not be amended after arraignment.

It is appropriate for the court to consider public policy considerations when interpreting a statute. 2A Sands, *supra,* sec. 56.01 (4th ed. 1984 rev.). We have stated that the consequences of alternative interpretations are appropriate factors to consider in construing a statute. *State ex rel. Werlein v. Elamore,* 33 Wis. 2d 288, 293, 147 N.W.2d 252 (1967). There are strong public policy considerations to support my interpretation.

In addition to the public's interest in expeditious trials, as described above, it is also in the interest of the public to allow the court, in its discretion, to consider repeater enhancements after arraignment, when there is no prejudice to the defendant. The habitual criminality statute, sec. 939.62, Stats., serves several purposes. It is punitive in that it increases punishment for those persons who do not learn their lesson or profit by the lesser punishment given for prior violations. *Block,* 41 Wis. 2d at 213. If the offender is in custody, the offender's predisposition to criminal activity is throttled. Section 939.62 is also preventative in that it serves as a warning to first offenders. *State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54 (1968). Both of these purposes serve the public interest by discouraging criminal activity. The alternative interpretation by the majority does not further this public interest, because it permits defendants to avoid the consequences of their repeated offenses by entering a plea immediately.

I recognize that there is also a public policy consideration in requiring the State to present its case early on. However, under my interpretation of sec. 973.12(1), Stats., the court would have the discretion to refuse to grant leave to amend the complaint or information if the request to amend is made after arraignment, and the amendment would prejudice the defendant.

I would also hold that the circuit courts did not abuse their discretion in permitting the amendments in these cases, as the changes were not prejudicial to the defendants.

I am authorized to state that Justices Donald W. Steinmetz and Louis J. Ceci join in this dissenting opinion.