STATE of Wisconsin, Plaintiff-Respondent,

v.

Fritz E. LARSEN, Defendant-Appellant.†

Court of Appeals

*No. 92–2761–CR. Submitted on June 11, 1993.—Decided June 23, 1993.*

(Also reported in 503 N.W.2d 359.)

†Petition to review denied.

██

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Randall Schneider* of Waterford.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael E. Nieskes*, deputy district attorney, and *Georgia Herrera*, assistant district attorney of Racine.

Before Nettesheim, P.J., Brown and Snyder, JJ.

NETTESHEIM, P.J. The issue on appeal is whether the trial court correctly granted the state's motion to dismiss a criminal complaint without prejudice so that the state could issue a new complaint alleging the same offense but adding a repeater allegation. We conclude that the court properly exercised its discretion in allowing the dismissal and accepting the new complaint. We therefore affirm Fritz E. Larsen's sentence as a repeat offender.

The facts are undisputed. On August 26, 1991, the state issued a complaint against Larsen alleging the misdemeanor offenses of criminal damage to property pursuant to sec. 943.01, Stats., and entry into a locked vehicle pursuant to sec. 943.11, Stats. This complaint did not recite any repeater allegation against Larsen

836

pursuant to sec. 939.62, Stats. On the same day, Larsen made his initial appearance before a court commissioner. At the very outset of this proceeding, the court commissioner entered a not guilty plea on Larsen's behalf. Later during this proceeding, in response to one of the court commissioner's questions pertaining to bail, Larsen revealed that he had previously been in prison. The assistant district attorney then responded, "In all likelihood, the State would be dismissing this and re-issuing it to add Habitual Offender charges."

The next day, August 27, 1991, the parties again appeared before the court commissioner. Appearing for the state was assistant district attorney Georgia Herrera, who had actually issued the complaint. Herrera moved to dismiss the complaint without prejudice and to file a new complaint which included an allegation of habitual criminality against Larsen. Herrera explained that when she issued the original complaint against Larsen, she incorrectly read his last name and therefore Larsen's prior record did not reveal itself in the district attorney's card file. Over Larsen's objection, the court commissioner granted the dismissal without prejudice and accepted the new complaint with a repeater allegation.

Larsen challenged the court commissioner's ruling in a pretrial motion before the trial court. At this hearing, assistant district attorney Herrera further explained that when she issued the original complaint, she conducted a check of Larsen's criminal record with a spelling of L-A-R-S-O-N. In fact, she should have conducted her check with a spelling of L-A-R-S-E-N. Regardless of the mistake, Larsen countered that pursuant to *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991), the state could not obtain dismissal of the original complaint and leave to file a new complaint

with the repeater allegations. In *Martin*, the supreme court held that sec. 973.12(1), Stats., precluded the state from amending an information to add a repeater allegation after the defendant had entered a plea of not guilty. *Id.* at 893, 470 N.W.2d at 904.

The trial court rejected Larsen's argument and allowed the new complaint to stand. Following a jury trial, Larsen was convicted. He now appeals.

■

The issue is whether the trial court correctly allowed a post-plea dismissal without prejudice so that the state could file a new complaint to add a repeater allegation. To answer this question, we must interpret and apply the repeater statute, sec. 973.12, Stats., to the facts of this case. This exercise presents a question of law which we review *de novo* without deference to the trial court's ruling. *City of Muskego v. Godec*, 167 Wis. 2d 536, 545, 482 N.W.2d 79, 83 (1992).

We first consider whether *Martin* and sec. 973.12, Stats., preclude the state, as a matter of law, from seeking a dismissal without prejudice in order to file a new complaint which adds a repeater allegation. Section 973.12(1) provides in relevant part:

> Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea.

In *Martin*, the issue was whether the repeater statute, sec. 973.12, Stats., permitted an *amendment* to

an information to add a repeater allegation after a plea had been entered. After reviewing the repeater statute and its legislative history, the supreme court concluded that such amendment was not allowed. *Martin*, 162 Wis. 2d at 893–901, 470 N.W.2d at 904–07. In reaching this conclusion, the supreme court spoke to the policy underpinning the statute:

> The allegation of recidivism is put in the information in order to meet the due-process requirements of a fair trial. When the defendant is *asked to plead*, he is entitled to know the extent of his punishment of the alleged crime, which he cannot know if he is not then informed that his prior convictions may be used to enhance the punishment.

*Id.* at 900–01, 470 N.W.2d at 907 (quoting *Block v. State*, 41 Wis. 2d 205, 210, 163 N.W.2d 196, 199 (1968)).

Precursors to the present repeater statute permitted post-plea repeater amendments. *See id.*, at 897–901, 470 N.W.2d at 905–07.[1] The drafters of the present repeater statute eliminated this practice in order to avoid "[s]andbagging a defendant by charging him as a repeater after conviction or plea in the immediate charge." *See id.* at 903 n.14, 470 N.W.2d at 908 (citation omitted).

In this case, however, the state did not seek to *amend* the original complaint. Rather, the state sought to *dismiss* the original complaint and to issue a new complaint. This is a subtle, but important, distinction. The state does not seek to "sandbag" Larsen or to bind

---

[1] Indeed, one of these statutes even permitted a repeater amendment "at any time before execution of sentence has commenced." *State v. Martin*, 162 Wis. 2d 883, 898, 470 N.W.2d 900, 906 (1991).

him to his previous plea to the original complaint. Rather, the slate has been wiped clean: the original complaint and Larsen's plea to it are no more. The state has filed a new complaint, and Larsen has been permitted to fully consider his plea options and to enter a fresh plea with full awareness of the possible punishment. Thus, the purposes of the repeater statute are not frustrated by this process. To the contrary, the purposes behind the statute are served.

■ This does not fully answer the issue, however. While we have concluded as a matter of law that *Martin* and sec. 973.12, Stats., do not preclude a dismissal without prejudice and the issuance of a new complaint alleging repeater status, there remains the question of whether the trial court properly exercised its discretion in permitting such action. Prosecutorial discretion to terminate a pending prosecution in Wisconsin is subject to the independent authority of the trial court to grant or refuse a motion to dismiss. *State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160, 164 (1978). The state has no automatic authority to secure a dismissal of a criminal prosecution. *Id.*

Here, the prosecutor conducted a check for Larsen's criminal record before issuing the original complaint. Thus, this is not a case where the state failed to timely investigate Larsen's prior record so that it could charge him as a repeater if warranted. However, the prosecutor mistakenly conducted the check under a misspelling (L-A-R-S-O-N) of Larsen's last name. We judicially notice that Larsen's surname is oftentimes spelled L-A-R-S-O-N. While unfortunate, this mistake was an understandable and excusable human error. The ability of the prosecutor to properly charge a defendant as a repeat offender should not turn

on such a common human failing if the defendant is not prejudiced thereby. As we have already concluded, Larsen was not prejudiced by the dismissal and filing of the new complaint.

We must also consider the state's failure to exercise its option under the repeater statute to obtain "a reasonable time to investigate possible prior convictions before accepting a plea." Section 973.12(1), Stats. However, as we have already noted, the state had previously undertaken an investigation, albeit a misguided one, to determine Larsen's possible prior convictions. Thus, the state cannot be accused of malingering on this point. Moreover, at the very outset of Larsen's initial appearance, after three preliminary questions put to Larsen, the court commissioner immediately entered a plea of not guilty for Larsen. This foreclosed the state from asking for time to investigate Larsen's prior record since such request, under the plain language of the statute, must be made before acceptance of the plea. *Id.* Thus, when Larsen's later statements revealed that he had a prior record, the state's only option was to request a dismissal without prejudice and to demonstrate just cause for the request.

Under these facts, we conclude that the trial court properly exercised its discretion in dismissing the original complaint without prejudice and allowing the state to file a new complaint with the repeater allegation.

*By the Court.*—Judgment affirmed.