STATE of Wisconsin, Plaintiff-Respondent,††

v.

Stanley E. MARTIN, Jr., Defendant-Appellant.†

Court of Appeals

*No. 89-1459-CR. Submitted on briefs March 6, 1990.—Decided April 24, 1990.*

(Also reported in 456 N.W.2d 892.)

††Petition to cross review granted.

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Marla J. Stephens,* assistant state public defender, and *Mark Lukoff,* first assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Stanley E. Martin was charged with and was convicted of second degree sexual assault, in violation of sec. 940.225(2)(a), Stats.,[1] as a repeater under sec. 939.62, Stats.[2] He was sentenced by the trial court to an

---

[1] Section 940.225(2)(a), Stats., provides:

**(2)** SECOND DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class C felony:

**(a)** Has sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence.

[2] Section 939.62(2), Stats., provides:

**(2)** The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

Since second degree sexual assault under sec. 940.225(2)(a), Stats., is a Class C, ten-year, felony, *see* sec. 939.50(3)(c), Stats.,

401

indeterminate term of imprisonment not to exceed six-teen years, consecutive to the sentence he was then serving.

Martin raises two issues on this appeal. First, he contends that the trial court erred in failing to instruct the jury on battery, sec. 940.19(1), Stats., as a lesser-included offense.[3] Second, he argues that the trial court erroneously permitted the state to amend the Information so as to add the repeater allegation. We affirm on the first issue, and reverse on the second.

## I.

Whether a lesser-included offense should have been submitted to a jury is a legal matter that we independently determine. *State v. Kramar,* 149 Wis. 2d 767, 791, 440 N.W.2d 317, 327 (1989). The analysis has two steps. First, the requested instruction must concern a crime that is, as a legal matter, a lesser-included offense of the crime charged. *State v. Richards,* 123 Wis. 2d 1, 3, 365 N.W.2d 7, 7-8 (1985). Second, if it is, there must be "reasonable grounds in the evidence both for acquittal on the greater charge and conviction on the lesser offense." *Kramar,* 149 Wis. 2d at 792, 440 N.W.2d at 327. The dispute here focuses on the first step.

---

and Martin's prior conviction was for a felony, his exposure was increased by six years as a result of the repeater allegation, *see* sec. 939.62(1)(b), Stats.

[3] Section 940.19(1), Stats., provides:

**(1)** Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

Except as otherwise specifically provided by statute, Wisconsin uses the so-called "elements-only" test to determine whether one crime is a lesser-included offense of another. *State v. Carrington,* 134 Wis. 2d 260, 264, 397 N.W.2d 484, 486 (1986). Thus, sec. 939.66(1), Stats., the general statute governing the methodology of analyzing problems involving lesser-included offenses, defines a lesser-included offense as "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged." The focus is "on the statutes defining the offenses, not the facts of a given defendant's activity." *Carrington,* 134 Wis. 2d at 264, 397 N.W.2d at 486.[4] Simply stated, if conviction of the lesser crime requires proof of an element that is not *essential* to conviction of the crime charged, the lesser crime is not a lesser-included offense under sec. 939.66(1). *Id.* 134 Wis. 2d at 274, 397 N.W.2d at 490.

A person commits second degree sexual assault under sec. 940.225(2)(a), Stats., if he or she "[h]as sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence." Since this provision maps two alternate routes of assault ("sexual contact" or "sexual intercourse"), the charging document determines which route is to be considered in applying the "elements only" test. *Carrington,* 134 Wis. 2d at 271, 397 N.W.2d at 489.

The Information charges Martin with violating sec. 940.225(2)(a), Stats., by having "sexual contact with [the victim] without her consent by threat of force." The elements of this offense thus are: (1) that Martin had "sexual contact" with the victim, (2) without the vic-

---

[4]The specific facts of this case are, therefore, not material to our analysis.

tim's consent, and (3) by "threat of force." Section 940.225(5)(b), Stats., defines "sexual contact" as follows:

> "Sexual contact" means any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under s. 940.19(1).

Accordingly, proof of the "sexual contact" element under sec. 940.225(2)(a) may be satisfied, as appropriate, by evidence that there was an intentional touching of the victim's intimate parts, if the touching:

— was for "the purpose of sexually degrading" the victim; or

— was for "the purpose of sexually humiliating" the victim; or

— was for the purpose of "sexually arousing or gratifying the defendant"; or

— "contains the elements of actual or attempted battery under s. 940.19(1)."[5]

---

[5]As noted, battery under sec. 940.19(1), Stats., is committed by a person who "causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed." " 'Bodily harm' means physical pain or injury, illness, or any impairment of physical condition." Sec. 939.22(4), Stats.

"An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would com-

Martin argues that it is this latter alternative that entitles him to an instruction on battery. We disagree.

Where the crime charged has two or more alternative elements, "the court examines the accusatory pleading" to ascertain which alternative element is asserted. *Carrington,* 134 Wis. 2d at 271, 397 N.W.2d at 489. Thus, if the Information had charged Martin with having sexual contact with the victim for purpose of sexual arousal or sexual gratification, or for the purpose of sexually degrading or humiliating the victim, Martin's "battery-as-a-lesser-included offense" argument would fail because the elements of actual or attempted battery would then be "in addition to those which must be proved for the crime charged," sec. 939.66(1), Stats. The accusatory pleadings here, the Complaint and the Information, are, however, silent on this point. Nevertheless, Martin's argument fails.

Causing and intent to cause "bodily harm" are not essential elements of second degree sexual assault under sec. 940.225(2)(a). Rather, as noted, they are permissive elements, which may—but need not—be proved in order to convict under sec. 940.225(2)(a). They are, however, essential elements of battery under sec. 940.19(1), Stats., and thus must be proved before a defendant can be convicted of battery. Since "the lesser crime" (battery) "require[s] proof of . . . statutory element[s] that [are] not necessarily . . . element[s] of the greater offense" (second degree sexual assault under sec. 940.225(2)(a)), battery is not a lesser-included offense of second degree sexual assault under sec. 940.225(2)(a). *See Carrington,*

---

mit the crime except for the intervention of another person or some other extraneous factor." Sec. 939.32(3), Stats.

134 Wis. 2d at 274, 397 N.W.2d at 490. We affirm Martin's conviction for second degree sexual assault.

## II.

### A.

Section 973.12(1), Stats., establishes the time by which a charging document may be amended to assert an allegation that the defendant is a repeater as defined in sec. 939.62(2), Stats.:

> Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging *at any time before or at arraignment, and before acceptance of any plea.* The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea.

Sec. 973.12(1), Stats. (emphasis added).[6] The original Information charging Martin with second degree sexual assault was filed on May 6, 1987, and did not allege that he was a repeater. Martin was arraigned and pled not guilty on May 6. An amended Information containing

[6]This provision controls the more general sec. 971.29(1), Stats. ("A complaint or information may be amended at any time prior to arraignment without leave of the court.") and sec. 971.29(2), Stats. (A complaint or information may be amended "[a]t the trial" in order "to conform to the proof" if the amendment "is not prejudicial to the defendant."). *See American Fed'n of State, County and Mun. Employees Local 1901 v. Brown County,* 146 Wis. 2d 728, 735, 432 N.W.2d 571, 574 (1988) ("[W]here two conflicting statutes apply to the same subject, the more specific controls.").

406

the repeater allegation was filed on July 10, 1987, over Martin's objection.

■

The state argues that the language in sec. 973.12, Stats., permitting the amendment "at any time before or at arraignment, and before acceptance of any plea," means "at any time before or at arraignment, and before acceptance of any [*guilty*] plea," because not guilty pleas are not "accepted" but "entered." Thus, the state argues that the amendment can be made at any time prior to the acceptance of a guilty (or no contest) plea—perhaps even to the point of sentencing. In the context of sec. 973.12(1), however, the trial court *does* "accept" a not-guilty plea, since the statute specifically permits the court to postpone acceptance in order to permit the prosecutor "to investigate possible prior convictions." Although the predecessor provision to sec. 973.12(1) accommodated the result the state seeks (the repeater status of the defendant could be "brought to the attention of the court at any time before execution of sentence has commenced," sec. 959.12(1), Stats. [1963]), the legislature has now provided otherwise. As Martin cogently points out, this prohibits "up-the-ante" tactics designed to encourage guilty pleas from persons reluctant to forfeit their right to a jury trial. *Cf. Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978) (sanctioning such tactics in the " 'give-and-take' of plea bargaining"). The mandate of sec. 973.12(1) is clear, and we are bound to enforce it. *See State v. Strohbeen,* 147 Wis. 2d 566, 574, 433 N.W.2d 288, 291 (Ct. App. 1988). The amendment asserting Martin's repeater status was untimely.

## B.

Ordinarily, error in sentencing requires a remand for further proceedings. Section 973.13, Stats., however, precludes that result. It provides:

> **Excessive sentence, errors cured.** In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.

A person who commits second degree sexual assault in violation of sec. 940.225(2), Stats., is guilty of a Class C felony. The maximum period of imprisonment that may be imposed on someone convicted of a Class C felony is ten years. Sec. 939.50(3)(c), Stats. As noted earlier, a repeater convicted of a ten-year felony whose prior offense is a felony may have his or her sentence enhanced by an additional six years. Sec. 939.62(1)(b), Stats. The trial court sentenced Martin to the maximum period of imprisonment, sixteen years. Since the repeater allegation was not properly before the trial court, the six-year enhancement was void. Martin's sentence is, however, "valid . . . to the extent of the maximum term authorized by statute," that is, an indeterminate term not to exceed ten years, and "stand[s] commuted without further proceedings." *See* sec. 973.13.

*By the Court.*—Judgment affirmed in part, and reversed in part.