STATE of Wisconsin, Plaintiff-Respondent,

v.

Ronnie CLEMONS, Defendant-Appellant.†

Court of Appeals

*No. 91-0418-CR. Submitted on briefs July 2, 1991.—Decided September 3, 1991.*

(Also reported in 476 N.W.2d 283.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *William J. Tyroler,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, by *Daniel J. O'Brien,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J.  Ronnie Clemons (Clemons) appeals from a judgment convicting him of first-degree reckless homicide in violation of sec. 940.02(2)(a), Stats. This statute provides that:

> (2)  Whoever causes the death of another human being under any of the following circumstances is guilty of a Class B felony:
>
> (a)  By manufacture or delivery of a controlled substance classified in schedule I or II under ch. 161 in violation of s. 161.41 which another human being uses and dies as a result of that use. This paragraph applies:
>
> 1.  Whether the human being dies as a result of using the controlled substance by itself or with any compound, mixture, diluent or other substance mixed or combined with the controlled substance.
>
> 2.  Whether or not the controlled substance is mixed or combined with any compound, mixture, diluent or other substance after the violation of s. 161.41 occurs.
>
> 3.  To any delivery described in this paragraph, regardless of whether the delivery is made directly to the human being who dies. If possession of the controlled substance classified in schedule I or II under ch. 161 is transferred more than once prior to the death as described in this paragraph, each person who delivers the controlled substance in violation of s. 161.41 is guilty under this paragraph.

Clemons, a drug addict, was enrolled in a methadone maintenance program at a medical clinic in the city of Milwaukee. On October 25, 1989, he stole a bottle of methadone in order to get high off of it. While driving around Milwaukee with the methadone in a milk carton, Clemons came upon Claude Watson (Watson), a friend of his. Watson got into Clemons' car, and the two drove off.

509

Clemons had positioned the milk carton of methadone between the bucket seats of his car. Watson asked him what was in the carton, and Clemons replied "methadone." Watson, a fellow drug addict, supposedly told Clemons "that he could use a swig of it." Watson then grabbed the carton and took a drink. The two men were driving to Josephine Hudson's (Hudson) home when Watson passed out. Clemons was able to get Watson into Hudson's home. Several hours later, Watson died as a result of drinking the methadone. Clemons took Watson's body to St. Michael's Hospital and left it on the loading dock.

The following day, October 26, 1989, the body was discovered, and the Milwaukee Police Department was notified. Hudson met with Milwaukee Police Detective Edward Liebrecht (Liebrecht) and told him of the happenings between Watson and Clemons. Clemons was then arrested and charged with theft of the methadone pursuant to sec. 943.20(1)(a) and (3)(a), Stats., and with first-degree reckless homicide in violation of sec. 940.02(2)(a), Stats. The theft charge was subsequently dropped, but brought out at trial to show how Clemons obtained the methadone.

Clemons argued at trial, and now on appeal, that the criminal violation of possession of a controlled substance, under sec. 161.41, Stats., was a lesser-included offense of the first-degree reckless homicide charge. The trial court disagreed and refused to instruct the jury that finding possession of a controlled substance was an option if they found that all the elements of the first-degree reckless homicide charge were not met. Clemons contends that the essential elemental difference between the two offenses is that in the first-degree reckless homicide charge a delivery must take place and that in a charge of possession of a controlled substance no deliv-

ery takes place. Clemons argues that he in no way delivered the methadone to Watson, and therefore, he could not have been guilty of first-degree reckless homicide. Clemons believes that there was a factual basis upon which the trial court should have instructed the jury on the lesser-included offense of possession of a controlled substance, and by not doing so, the trial court committed a prejudicial error warranting a new trial.

Clemons' second argument is that evidence of the theft of the methadone should have been excluded by the trial court for two reasons. First, such evidence was not admissible under sec. 904.04(2), Stats., "other crimes, wrongs, or acts." Second, evidence that he stole the methadone, Clemons argues, was prejudicial pursuant to sec. 904.03, Stats. Clemons contends that evidence that he stole the methadone would only have been admissible had he denied stealing it.

We disagree with both of Clemons' arguments. The trial court did not commit prejudicial error when it denied Clemons' request to include possession of a controlled substance as a lesser-included offense of first-degree reckless homicide. Neither did the trial court err in permitting the State to introduce evidence of the fact that Clemons stole the methadone from the clinic.

There was no error in the trial court's refusal to include possession of a controlled substance as a lesser-included offense of first-degree reckless homicide because it is not a lesser-included offense of that crime. Wisconsin employs the elements-only test when deciding whether one crime is a lesser-included offense of another.[1]

---

[1] *See State v. Carrington,* 134 Wis. 2d 260, 264, 397 N.W.2d 484, 486 (1986).

Thus, sec. 939.66(1), Stats., the general statute governing the methodology of analyzing problems involving lesser-included offenses, defines a lesser-included offense as "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged." The focus is "on the statutes defining the offenses, not the facts of a given defendant's activity." Simply stated, if conviction of the lesser crime requires proof of an element that is not *essential* to conviction of the crime charged, the lesser crime is not a lesser-included offense under sec. 939.66(1).[2]

When comparing the elements of the two offenses, we note that it is possible to deliver a substance without ever having possessed it.[3] Therefore, Clemons' reasoning is in error. This is not to say that one who delivers an item may not have also possessed it, but rather that there are exceptions whereby one who delivers an item is not necessarily in possession of that item. For example, a doctor who writes an illegitimate prescription for a patient is guilty of delivering a controlled substance even though he or she never had possession of the substance.[4] Thus, the trial court was correct when it refused to sub-

---

[2] *State v. Martin,* 156 Wis. 2d 399, 403, 456 N.W.2d 892, 894 (Ct. App. 1990) (citation and footnote omitted; emphasis in original).

[3] *Compare* sec. 161.41, Stats., possession of a controlled substance, *with* sec. 940.02(2), Stats., first-degree reckless homicide by means of delivering a controlled substance to the victim.

[4] *See United States v. Davis,* 564 F.2d 840, 844–45 (9th Cir. 1977), *cert. denied,* 434 U.S. 1015 (1978). Wisconsin's controlled substance act, ch. 161, is based upon the Uniform Controlled Substances Act (1990) (U.L.A.), which in turn was based upon the federal Controlled Substances Act, 21 U.S.C. § 801 et seq. (1988).

mit to the jury possession of a controlled substance as a lesser-included offense of first-degree reckless homicide. The jury was instructed on the elements of first-degree reckless homicide and found that Clemons' actions, beyond a reasonable doubt, warranted his conviction of this crime. They found that he in fact delivered the methadone to Watson, and the result was Watson's death.

Clemons' second argument is that evidence of his stealing the methadone should not have been submitted to the jury because it was irrelevant and prejudicial, and therefore, warrants a new trial. This involves an evidentiary issue, and on appeal we do not contemplate whether we would or would not have permitted the evidence to be admitted, "but whether the trial court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record."[5] If there is a reasonable basis for the trial court's conclusion then it has not abused its discretion.[6] However, the record should reflect that "discretion was in fact exercised and the basis for that exercise of discretion should be set forth."[7]

Evidence of the theft of the methadone is evidence of another crime under sec. 904.04(2), Stats. In determining whether such evidence is admissible the trial court must apply a two-prong test.[8] First, the trial court

[5]*State v. Stinson*, 134 Wis. 2d 224, 232, 397 N.W.2d 136, 139 (Ct. App. 1986).
[6]*Id.*
[7]*Id.* at 232–33, 397 N.W.2d at 139.
[8]*See State v. Pharr*, 115 Wis. 2d 334, 343, 340 N.W.2d 498, 502 (1983); *State v. C.V.C.*, 153 Wis. 2d 145, 161, 450 N.W.2d 463, 469 (Ct. App. 1989).

must determine whether the evidence falls within a sec. 904.04(2) exception.[9] "Second, the trial court must exercise its discretion to determine whether any prejudice resulting from such evidence outweighs its probative value."[10]

"Evidence of other crimes . . . is not admissible to prove the character of a person in order to show that he acted in conformity therewith."[11] However, there are exceptions to this rule set forth in sec. 904.04(2), Stats., including if the evidence was used to show motive, intent, plan, identity, opportunity, knowledge, preparation, or the absence of a mistake or accident.[12] This list is not complete, however, and is meant only to be illustrative.[13] One basis upon which evidence of other crimes may be admitted is if the evidence provides an aspect of the crime charged or is required in order to give a complete presentation of the case at trial.[14] Evidence of other crimes may also be used in order to attack the credibility of a witness on cross-examination.[15]

The evidence of the theft of the methadone was relevant and fell with the exceptions of sec. 904.04(2), Stats. It is certainly uncommon for an individual to be driving the streets of Milwaukee and drinking methadone from a milk carton. Moreover, how Clemons acquired the methadone was an aspect of the charged

[9]*See Pharr,* 115 Wis. 2d at 343, 340 N.W.2d at 502.
[10]*C.V.C.,* 153 Wis. 2d at 162, 450 N.W.2d at 469.
[11]Section 904.04(2), Stats.
[12]*See id.*
[13]*C.V.C.,* 153 Wis. 2d at 162, 450 N.W.2d at 469.
[14]*See id.*
[15]*See McClelland v. State,* 84 Wis. 2d 145, 156, 267 N.W.2d 843, 848 (1978).

crime, and had to be presented to the jury in order to give the State's case a complete presentation.[16]

The trial court also exercised its discretion in balancing the probative value of the evidence, that Clemons stole the methadone, against the prejudicial nature of the evidence. The trial court said that "[t]he evidence is relevant, and doing the analysis under 904.03, I find that the probative value outweighs any possible prejudicial effect." Given this, the evidence was properly admitted, and there is no valid reason for Clemons to receive a new trial.

*By the Court.*—Judgment affirmed.

---

[16]*Holmes v. State,* 76 Wis. 2d 259, 273, 251 N.W.2d 56, 63 (1977).