STATE of Wisconsin, Plaintiff-Respondent,

v.

Keith JONES, Defendant-Appellant.

Court of Appeals

*No. 98–1681–CR. Submitted on briefs April 12, 1999.—Decided June 2, 1999.*

(Also reported in 598 N.W.2d 259.)

594

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Edward John Hunt* of *Edward John Hunt Law Office* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general.

Before Brown, Nettesheim and English,[1] JJ.

BROWN, J. Keith Jones appeals from a judgment of conviction for armed robbery, party to a crime. Jones claims that there was insufficient evidence to convict him, that the court erred by adding language to the standard jury instructions, that the prosecution improperly introduced evidence of prior bad acts and that the court should have given a jury instruction for a lesser-included offense. We agree with Jones that he was entitled to a jury instruction on the lesser-included offense of theft. We reverse and remand.

Jones stole some jeans from a Kohl's department store. Ryan Shogren, a loss prevention officer at the store, saw Jones put the jeans in a bag and leave the store. Shogren followed Jones outside the store and identified himself as a loss prevention officer. Jones ran away and got into a car. Shogren chased Jones and was trying to get him out of the car when a third man,

---

[1] Circuit Judge Dale L. English is sitting by special assignment pursuant to the Judicial Exchange Program.

Vernon Patterson, approached Shogren and asked him what was happening. Shogren identified himself to Patterson and told him that Jones had to come back to the store. What happened at this point is the crux of the whole armed robbery case. According to Shogren, Patterson asked Jones, "[W]hat do you want me to do shoot him?" and Jones answered, "[Y]eah, shoot [him]." Shogren testified that Patterson then approached him with his hand under his coat, as if he had a gun. Shogren backed away, got the license number of the car and ran back to the store to call the police. According to Jones and Patterson, the verbal exchange described by Shogren never took place.

Jones and Patterson were apprehended following the parking lot incident. Both were charged with armed robbery, party to a crime. After a joint jury trial, Patterson was acquitted but Jones was found guilty.

We first turn to Jones's challenge to the sufficiency of the evidence, as this issue would dispose of the entire case if we were persuaded by Jones's argument. The argument is as follows. The jury acquitted Patterson. This shows that the jury rejected Shogren's testimony regarding Jones's and Patterson's exchange about shooting Shogren. Shogren's testimony was the only evidence supporting Jones's armed robbery conviction. Thus, the jury's rejection of this evidence means that there was no evidence to support Jones's conviction. In short, if Patterson was not party to an armed robbery, neither was Jones.

■

On a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state and the conviction. *See State v. Wilson*, 149 Wis. 2d 878, 894, 440 N.W.2d 534, 540 (1989). We will only disturb the verdict if the evidence is so inherently

incredible and lacking in probative value that, as a matter of law, no reasonable jury could have found guilt beyond a reasonable doubt. *See id.*

■

Here, there was sufficient evidence to convict Jones. That the jury acquitted Patterson does not necessarily mean that it discounted Shogren's testimony. In order to be convicted as party to the crime of armed robbery, Patterson had to have known about the underlying theft of the jeans. *See* WIS J I—CRIMINAL 400. It may be that the jury believed Shogren's account but did not believe that Patterson knew about the theft. That would explain a conviction for Jones, who knew about the theft and the alleged threat, but an acquittal for Patterson. We cannot say that the jury could not have reasonably reached the result it did. We reject Jones's insufficient evidence argument.

■

We similarly reject Jones's contention that the trial court erred by adding language to the standard jury instructions. A trial court has broad discretion in issuing jury instructions. *See State v. Turner*, 114 Wis. 2d 544, 551, 339 N.W.2d 134, 138 (Ct. App. 1983). If necessary, the trial court may exercise this discretion to tailor the standard jury instructions to the particular facts of the case. *See id.* Such modification is appropriate as long as it correctly states the law. *See State v. Foster*, 191 Wis. 2d 14, 27, 528 N.W.2d 22, 27 (Ct. App. 1995). Here, all of the language the trial court added is supported by case law. There was no erroneous exercise of discretion.

We now turn to Jones's meatier claim: that the trial court erred in refusing to give a lesser-included jury instruction on theft. Jones requested the theft

instruction, and the State joined in that request. The trial court refused to give the theft instruction.

Whether a jury instruction on a lesser-included offense should have been given is a question of law this court reviews de novo. *See State v. Kramar*, 149 Wis. 2d 767, 791, 440 N.W.2d 317, 327 (1989). There are two steps in the required analysis. *See State v. Martin*, 156 Wis. 2d 399, 402, 456 N.W.2d 892, 894 (Ct. App. 1990), *aff'd*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991). First, is the crime for which an instruction is requested a lesser-included offense of the charged crime? *See id.* For this determination, Wisconsin has adopted the "elements only" test. *See id.* at 403, 456 N.W.2d at 894. That is, an included crime is "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged." Section 939.66(1), STATS. Second, are there reasonable grounds in the evidence to acquit on the greater charge and convict on the lesser? *See Martin*, 156 Wis. 2d at 402, 456 N.W.2d at 894.

The trial court's refusal to give the theft instruction was based on the theory that the evidence described a retail theft, for which there is a separate statutory prohibition. *See* § 943.50, STATS. Retail theft is not a lesser-included offense of armed robbery because it requires proof of additional elements, such as that the stolen merchandise was held for resale by a merchant. *See id.* The trial court reasoned that "the legislature has taken the very specific position of creating a separate offense, and when they do that then that's the offense that applies." According to the trial court, the agreement between the facts of the case and the specific retail theft statute precluded a jury instruction pursuant to the more general theft statute.

598

The State did not attempt to defend the trial court's rationale in its brief. The State simply recited the maxim that a reviewing court will not reverse a trial court decision though the reason for that decision may have been erroneously expressed and then devoted its attention to the claim that no reasonable jury would have acquitted Jones of armed robbery.

There is no doubt good reason for the posture taken by the State. There is no rule in Wisconsin that, just because a more specific crime could have been charged, a defendant loses his or her right to a lesser-included instruction on a more general offense which is supported by testimony in the record. The trial court never cited any authority in support of its theory; in fact, none exists. Both parties and the trial court agreed that theft is a lesser-included offense of armed robbery. *See Moore v. State*, 55 Wis. 2d 1, 6, 197 N.W.2d 820, 823 (1972) (theft is a lesser-included offense of robbery). And we point out again that, at trial, the prosecutor agreed with the defense that the lesser-included instruction on theft was appropriate. Thus, the trial court's decision should have been based solely on prong two of the lesser-included analysis, not on whether Jones's actions met the elements of another uncharged, more specific, crime.

We therefore turn our attention to prong two, and conclude that here there were reasonable grounds in the evidence upon which the jury could have acquitted Jones of armed robbery and convicted him of theft. At trial, Jones readily admitted to taking the jeans. The only element in dispute was whether there had been a threat of violence. Jones denied any threat, and his denial was corroborated by Patterson's testimony. Their testimony was in conflict with Shogren's. Which

testimony was credible was for the jury to decide. *See Lellman v. Mott,* 204 Wis. 2d 166, 172, 554 N.W.2d 525, 527 (Ct. App. 1996). The jury could have reasonably concluded that Jones took the jeans but did not threaten force. Thus, the lesser-included instruction for theft should have been given.

*By the Court.*—Judgment reversed and cause remanded.[2]

---

[2] Although we need not reach this issue, *see Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983), we note that Jones also claims the trial court erred in admitting irrelevant and prejudicial evidence of prior bad acts. While we do not address the merits of this argument, we do observe that it appears that no proper foundation was laid for the prosecution's questions regarding Jones's drug use.