State of Wisconsin, Plaintiff-Respondent,
v.
James A. Newson, Defendant-Appellant.
No. 04-0469-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 25, 2005.
Before Wedemeyer, P.J., Fine and Kessler, JJ.
¶1 WEDEMEYER, P.J.
James A. Newson appeals from a judgment entered after a jury found him guilty of possession with intent to deliver a controlled substancecocaine, keeping a drug vehicle, and failure to pay controlled substance tax. Newson also appeals from an order denying his postconviction motion. Newson claims: (1) the trial court erroneously exercised its discretion when it denied his ineffective assistance claim without conducting an evidentiary hearing; and (2) there was insufficient evidence to find that he was actually in possession of the cocaine. Because the trial court did not erroneously exercise its discretion when it summarily denied Newson's ineffective assistance claim and because the evidence was sufficient to uphold the conviction, we affirm.

BACKGROUND
¶2 On December 11, 2001, Milwaukee Police Officer Mitchell Ward met with an informant who provided information about Newson. The informant made several calls to Newson to set up a drug deal for four and one-half ounces of crack cocaine. The details of the transaction were arranged over the phone and the ultimate exchange was to occur at the intersection of Sherman Boulevard and Burleigh Street. The officers were told the dealer would be driving a white van.
¶3 At the specified location and designated time, the officers spotted two white vans at a gas station. One was being filled up with gas by an older man whom the officers knew from prior contact was not Newson. The second one drove off and was followed by other officers. Those officers lost contact with the vehicle momentarily and then located it parked at 4220 West Bonny Place.
¶4 Meanwhile, Ward and his partner, Officer Bodo Gavejic, noticed Newson walking on the sidewalk towards the gas station from the direction of Bonny Place. Ward exited his car to speak with Newson. He patted Newson down and asked him where he parked his van. Newson replied, "What van?" and indicated he had not been driving a van. Ward asked Newson if he was carrying any keys; Newson produced a set of keys and gave them to Gavejic.
¶5 Gavejic went to the location of the white van and tried to unlock the driver's door with Newson's keys, but could not. He then tried the passenger door, which was unlocked. Gavejic tried to start the vehicle with one of Newson's keys, and the vehicle started. Gavejic noticed a strong smell of cocaine in the vehicle and 107 grams of cocaine were discovered in the compartment between the driver and passenger seats. A letter addressed to Newson was also in that compartment. The cocaine was located directly under the letter.
¶6 Newson was charged as noted and the case was presented to the jury. The jury found him guilty on all charges and he was sentenced. Newson then filed a postconviction motion alleging that his trial counsel provided ineffective assistance for failing to file a motion seeking to suppress the evidence based on an illegal search. The trial court denied the motion. Newson now appeals.

DISCUSSION

A. Ineffective Assistance.
¶7 In order to succeed on an ineffective assistance claim, Newson must prove that counsel's performance constituted deficient conduct, and that such conduct prejudiced the outcome. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one. Id. at 697.
¶8 Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. State v. Pitsch, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). "The trial court's determinations of what the attorney did, or did not do, and the basis for the challenged conduct are factual and will be upheld unless they are clearly erroneous." State v. Harvey, 139 Wis. 2d 353, 376, 407 N.W.2d 235 (1987). The ultimate conclusion, however, of whether the conduct resulted in a violation of defendant's right to effective assistance of counsel is a question of law for which no deference to the trial court need be given. Id.
¶9 If an appellant wishes to have an evidentiary hearing on an ineffective assistance of counsel claim, he or she may not rely on conclusory allegations. If the claim is conclusory in nature, or if the record conclusively shows the appellant is not entitled to relief, the trial court may deny the motion without an evidentiary hearing. State v. Bentley, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). To obtain an evidentiary hearing on the ineffective assistance of counsel claim, the appellant must allege with specificity both deficient performance and prejudice in the postconviction motion. Id. at 313-18. Whether the motion sufficiently alleges facts which, if true, would entitle the appellant to relief is a question of law to be reviewed independently by this court. Id. at 310. If the trial court refuses to hold a hearing based on its findings that the record as a whole conclusively demonstrates that the defendant is not entitled to relief, our review of this determination is limited to whether the court erroneously exercised its discretion in making this determination. Id. at 318.
¶10 Newson contends his trial counsel was ineffective for failing to file a suppression motion. He argues that counsel's failure constituted deficient performance that prejudiced him. The trial court ruled that counsel did not act deficiently because News on had no standing to challenge the search of a van he claimed he had nothing to do with and that a suppression motion would have been inconsistent with the theory of defense. We affirm the trial court.
¶11 Trial counsel's conduct cannot be found deficient for failing to make a motion that would not have been granted. See State v. Wheat, 2002 WI App 153, ¶¶14, 23, 256 Wis. 2d 270, 647 N.W.2d 441. Here, even if the motion had been made, it would not have been granted.
¶12 Whether a warrantless search is reasonable or not depends "on whether the defendant had a legitimate, justifiable or reasonable expectation of privacy that was invaded by the government action." State v. Rewolinski, 159 Wis. 2d 1, 12, 464 N.W.2d 401 (1990). Before the government's action can be questioned, Newson must first establish that he had a legitimate expectation of privacy. See id. at 13. To show that he had such, Newson must prove that his conduct exhibited an actual, subjective expectation of privacy, and that such expectation is legitimate or justifiable, one that society is willing to recognize as reasonable. See id.
¶13 Based on the facts at the time the motion could have been made, Newson failed to satisfy his burden of proof. When Ward approached Newson on the street, Newson was walking from the direction of where the white van had been located. When questioned about the van, Newson responded, "What van? I wasn't driving a van." Newson told the officers that he did not know anything about a white van, and that he was not driving anything.
¶14 Thus, Newson disclaimed any ownership interest in the van. When a person expressly disclaims an interest in the area to be searched, that person does not have a reasonable expectation of privacy in that area. See State v. Milashoski, 163 Wis. 2d 72, 85-86, 471 N.W.2d 42 (1991). In light of Newson's disclaimer, a motion to suppress evidence found in the van would not have been successful. Accordingly, trial counsel was not ineffective for failing to file such a motion.

B. Sufficiency of the Evidence.
¶15 Newson also argues that the evidence was insufficient to support the possession conviction. He contends that the element of possession was never proven. We reject his contention. In reviewing a sufficiency of the evidence claim, this court must uphold a conviction "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." State v. Poellinger, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). Applying this standard, we conclude that the evidence was sufficient to establish the element of possession.
¶16 Newson suggests that the evidence in this case does not establish either actual or constructive possession. We disagree. It is undisputed that possession is an element of the offense, State v. Clemons, 164 Wis. 2d 506, 512, 476 N.W.2d 283 (Ct. App. 1991), and that possession may be either actual or constructive for a conviction to stand. Here, it is conceded that at the time of his arrest, Newson did not have actual possession of the cocaine. Thus, the focus of our review is whether there was sufficient evidence to demonstrate that Newson was in constructive possession of the cocaine found in the van. Constructive possession exists where one finds, based on the surrounding facts and circumstances aided by reasonable inferences, an intent to exercise control over the prohibited item. State v. R.B., 108 Wis. 2d 494, 497-98, 322 N.W.2d 502 (Ct. App. 1982).
¶17 The jury heard about the following facts and circumstances. An informant gave Milwaukee police information about James Newson and then called Newson to make arrangements for a drug buy. The person on the other end of the phone, identified as Newson, agreed to sell four and one-half ounces of crack cocaine. A location for the exchange was set and the seller indicated he would be driving a white van.
¶18 At the set time and location, the police saw two white vans, a Chevy Astro and a Plymouth. The police concluded that the Plymouth was not the van they were looking for and followed the Astro, which had left the set location. Although the police could not identify the driver of the Astro, they could see it was a black male. In addition, the police did not see the license plate number on the Astro, but did notice that the license plates were from Illinois.
¶19 A short time later, police located the Astro with Illinois plates parked on West Bonny Place. The officers then noticed Newson walking towards the drug-buy location from the direction of where the Astro had been parked. When questioned by police, Newson denied any connection to the Astro, but did turn over a set of keys. One of the keys started the ignition of the Astro. The police also found a letter addressed to Newson on top of the cocaine, as if it was concealing the drugs. Additional mail addressed to Newson and his girlfriend was discovered in the Astro.
¶20 In addition, when the police searched Newson, they found a cell phone. When the police dialed the phone number the informant had used to make the contact to buy drugs, the cell phone found on Newson rang. The phone numbers were the same.
¶21 Based on these circumstances, a jury could reasonably infer that Newson had constructive possession of the cocaine. The inference clearly was that the cocaine was Newson's, that he had driven to the drug-buy location with it, and that he had parked the Astro a short distance away and left the vehicle. The keys and his mail link Newson directly to the Astro. Clearly, a reasonable inference from these facts supports the jury's determination of guilt. Newson's denial of knowledge of the cocaine in the van or actual control over the cocaine does not negate the reasonable inference reached by the jury.
By the Court.  Judgment and order affirmed.